CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶42 I concur entirely in the Court's opinion on issues one and two. I respectfully dissent from the inclusion of issue three, whether it was error to give DLI jurisdiction to adjudicate a contract dispute *52 regarding the propriety of cancellation, in that opinion.
¶43 The Court candidly-and correctly-admits that “we need not reach this issue in light of our rulings above....” Having conceded that to be true, the Court's opinion should end after issue two.
¶44 Obiter dictum is a Latin phrase meaning “something said in passing.” It is defined as “[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.” BLACK'S LAW DICTIONARY 1100 (7th ed. 1999). The analysis and determination advanced by the Court in issue three is-clearly and merely-obiter dictum in that it is unnecessary to the decision in the case, by the Court's own admission. In my view, we should not intentionally include obiter dictum in our opinions, which are intended to be precedential statements of the law by this Court. While there may be many issues in cases before us-or in the more abstract universe surrounding us-which might benefit for practical or policy reasons by an expression of this Court's thoughts on the matter, it is my opinion that doing so is not this Court's job. Our job is to resolve the dispositive issues in a case before us and then to move on to another case,, of which plenty await our attention.
¶45 In addition, the Court's discussion of the dispositive issues in this case makes its thoughts sufficiently clear on whether contract disputes between an employer and its carrier are within the purview of administrative proceedings. For example, the Court states at ¶ 21 that “[t]o require the UEF to litigate the merits of an employer's dispute with its insurance carrier would defeat the purpose of the Workers' Compensation system.” The Court also states, at ¶ 23, that “Auto Parts could have pursued a separate claim in district court against the State Fund for breach of contract” but “elected not to do so.” Finally, and most clearly and concretely, the Court states at ¶ 34 that “[t]he DLI has only the jurisdiction granted to it by statute, and adjudication of insurance contracts does not fall within its jurisdiction.”
¶46 I dissent from the Court's inclusion of issue three, which is obiter dictum in its entirety, in the opinion in this case.